Taylor, C. J.
delivered the judgment of the court.
The sale was made by the administrator before the commencement of the action, but the proceeds of it were not received by him until after plea pleaded; and the question is, whether such proceeds are liable, as assets, to the plaintiff's demand? If the plea of plene administravit were drawn out at length, it would state “ that he has no goods or chattels which were of the said intestate at the time of his death, in his hands to be administered, nor had at the time of suing out the writ of the plaintiff, nor ever since.”—When issue is taken on this plea, one question presented is, whether the defendant had assets at the time of pleading? To establish which the plaintiff may go into proof of assets received by the defendant after the issuing of the writ, and between that period and the time of entering the plea. But no proof can be given of assets received after the latter period, because they cannot be received in this action. If the plaintiff cannot prove that the defendant had assets at the time of the commencement of the suit, or that assets have come to his hands since then, and before the plea, he may pray a judgment quando acciderint; and in a scire facias on such judgment, the plaintiff may recover such assets coming to the defendant’s hands after the plea, as are not already bound by outstanding judgments. This principle applies to every question which the court are called upon to decide in this case; for none of the several sums claimed were received until after the plea. The bare agreement to receive the bonds and notes from the surviving partner cannot charge *121 the administrator, for he had no right to sue for them, and the probable effect of such agreement was not to waste or diminish the fund out of which the creditors were to receive payment, but to call it sooner into activity. There must be a new trial.